IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

DANIEL RAY BONILLA,

                    Plaintiff,                    Civil Action No.
                                                       3:15-CV-1276 (LEK/DEP)

    v.

RITA CONNERTON, in her
official capacity as Family Court
Judge, *et al.*,

                    Defendants.

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

DANIEL RAY BONILLA, *Pro se*
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

FOR DEFENDANT

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is an action originally brought by *pro se* plaintiff Daniel Ray Bonilla against the State of New York, pursuant to 42 U.S.C. § 1983, complaining of civil rights violations. Plaintiff's initial complaint, which did not contain significant detail, appeared to relate to the terms of probation imposed by Binghamton City Court Judge Daniel L. Seidon. Upon initial review, plaintiff's complaint was dismissed based upon the immunity afforded to the State under the Eleventh Amendment, with leave to replead.

Plaintiff has now submitted a document that, in deference to his *pro se* status, has been construed by the court as an amended complaint. In it, he names seven defendants, including two sitting judges, a district attorney, and a private defense attorney, all of whom are sued in their official capacities, as well as the Broome County Probation Department, Binghamton City Court, and the Broome County District Attorney's Office. Plaintiff's amended complaint has been forwarded to me for initial review. Based upon my consideration of plaintiff's amended complaint, I recommend that it be dismissed.

I.      BACKGROUND

Plaintiff commenced this action on October 27, 2015. Dkt. No. 1.

While the essence of plaintiff's original complaint was difficult to discern, the

focus of his claims appeared to be upon actions taken by the Broome

County Probation Department. *See generally id.* Plaintiff alleged that he

was directed to appear at the probation office on November 3, 2015, as a

probationer, to complete "paperwork." *Id.* at 2. Plaintiff's complaint further

alleged the following with regard to actions taken by the Broome County

Probation Department:

> Through nefarious means I was duped into the
> probation office on 10/20/15. I can't remember
> exactly why I was there, I am disabled. I do <u>know</u>
> that on 10/20/15 I did <u>not</u> sign any probation
> contract with City Court Judge Daniel L. Seidon nor
> with Binghamton City Court on behalf of New York
> State, as the broome county Probation department
> does allege. I again am being subject to oppressive
> police power, this time through State Supervision by
> Broome County Probation department. I am an
> American with disabilities and demand my human
> rights. New York State is depriving me of my right to
> life, liberty, and to pursue happiness as a free man.
> This is in violation of my civil and constitutional
> rights guaranteed me by the 5th and 14th
> Amendments to the Constitution of these Great
> United States of America.

*Id.* at 3 (errors and emphasis in original). As relief, plaintiff's initial complaint,

which named the State of New York as the only defendant, sought an

injunction directing defendant "to cease all unlawful activity" and an award of damages. *Id.* at 4. Plaintiff's complaint was accompanied by a motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2.

On November 12, 2015, I issued a decision granting plaintiff's IFP application but recommending that his complaint against the State be dismissed, with leave to replead. Dkt. No. 4. Senior District Judge Lawrence E. Kahn adopted that report on February 9, 2016. Dkt. No. 9.

In the interim between the issuance of my report and District Judge Kahn's decision, plaintiff filed a document that has been construed by the court as an amended complaint. Dkt. No. 8. In the amended complaint, plaintiff names, as defendants, (1) Rita Connerton in her official capacity as Family Court Judge; (2) John Jack Kotchak in his official capacity as defense attorney; (3) Broome County Probation Department; (4) Daniel L. Seidon in his official capacity as Binghamton City Court Judge; (5) Binghamton City Court; (6) Gerald Mollen in his official capacity as Broome County District Attorney; and (7) the Broome County District Attorney's Office. *Id.* at 2. The amended complaint materially reshapes his claims as compared to those purported to be asserted in the original complaint. Specifically, plaintiff alleges that defendant Connerton revoked plaintiff's parental and visitation rights regarding his son during a hearing that

4

occurred on August 27, 2015. *Id.* at 3. He also accuses defendant Kotchak of failing to appeal a sentence that was imposed on him in defendant Binghamton City Court, but plaintiff's amended complaint fails to explain the circumstances surrounding that sentence. *Id.* Nevertheless, it appears that the sentence led to the filing of a petition on or about November 21, 2015, accusing plaintiff of violating the terms of his probation based upon the city court's sentence and the issuance of an arrest warrant by defendant Seidon. *Id.* Plaintiff alleges that, at the direction of defendant Mollen, he is currently be held in custody of the Broome County Correctional Facility as result of the alleged probation violation. *Id.*

Plaintiff's complaint purports to assert three causes of action. The first two allege that plaintiff's due process rights under the Fifth and Fourteenth Amendments have been violated. Dkt. No. 8 at 4. The third cause of action recounts the fact of plaintiff's arrest for an alleged violation of probation and the fact that he is being prosecuted for that violation, but otherwise does not provide a basis for a cognizable claim. *Id.*

II.	DISCUSSION

A.	Standard of Review

Because plaintiff has previously been found to meet the financial
criteria for commencing this case *in forma pauperis*, I must next consider
the sufficiency of the claims set forth in his amended complaint in light of 28
U.S.C. §§ 1915(e), 1915A. Section 1915(e) directs that, when a plaintiff
seeks to proceed IFP, "the court shall dismiss the case at any time if the
court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to
state a claim on which relief may be granted; or (iii) seeks monetary relief
against a defendant who is immune from such relief." 28 U.S.C. §
1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any
"complaint in a civil action in which a prisoner seeks redress from a
governmental entity or officer or employee of a governmental entity," and to
"identify cognizable claims or dismiss the complaint, or any portion of the
complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim
upon which relief may be granted; or . . . seeks monetary relief from a
defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also*
*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both
sections [1915 and 1915A] applicable to prisoner proceedings *in forma*
*pauperis*.").

6

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also* *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v.*

7

*Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most

favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

B.    Analysis

1.    Claims Asserted Against Defendants Connerton and Seidon

It appears from plaintiff's amended complaint that defendants Connerton and Seidon are sitting judicial officers. Dkt. No. 8 at 2, 3. Both are sued by plaintiff in their official capacities. *Id.*

"It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have been, and however injurious its consequences were to the plaintiff. *Young*, 41 F.3d at 51. It

9

should be noted, however, that "a judge is immune only for actions performed in his judicial capacity." *DuQuin*, 320 F. Supp. 2d at 41.

In this instance, defendant Connerton is accused of violating plaintiff's civil rights by revoking his parental rights following a custody trial in August 2015, while defendant Seidon is accused of violating plaintiff's rights when he issued an arrest warrant for the alleged probation violation. Dkt. No. 8 at 3. Because it is clear that plaintiff has sued those defendants based actions they took in their judicial capacity, the claims asserted against them are subject to dismissal on the basis of judicial immunity.[1]

### 2.    Claims Asserted Against Defendant Mollen

In his third cause of action plaintiff alleges that he is being detained and prosecuted by defendant Broome County District Attorney's Office, under the direction of defendant Mollen in his official capacity, for a violation of probation. Dkt. No. 8 at 3, 4. The claim, however, does not articulate a basis for alleging a constitutional violation. Nonetheless, even assuming that a cognizable constitutional claim is stated, it is subject to dismissal. Like

---

[1]    Even if not precluded by judicial immunity, it seems clear that one or both of plaintiff's claims against defendants Connerton and Seidon would be precluded by the *Rooker-Feldman* doctrine, which precludes a federal court from asserting subject matter jurisdiction over a claim that is inextricably intertwined with a state court judgment. *See McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007).

judicial officers, "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'" *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity obtains, we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. County of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate"). Prosecuting a criminal for an alleged probation violation is clearly a function of a prosecutor, and, accordingly, plaintiff's claims against defendant Mollen are subject to dismissal on the basis of immunity.

### 3. Claims Asserted Against Defendant Kotchak

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants*. See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.).

Plaintiff's claim against defendant Kotchak, who is alleged to have represented plaintiff in connection with a criminal matter, does set forth a basis for the court to find state action on the part of the defendant. While it is

12

unclear whether defendant Kotchak was retained or assigned by the court to represent plaintiff, even assuming the latter, the assignment of an attorney to represent a plaintiff does not rise to a level of state action sufficient to support a claim under section 1983. *See e.g., Rodriguez v. Welprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to the defendant do not act 'under color of state law' and therefore not subject to suit under 42 U.S.C. § 1983."). I therefore recommend that plaintiff's claim against defendant Kotchak be dismissed.

4. <u>Claims Asserted Against Defendants Broome County District Attorney's Office, Binghamton City Court, and Broome County Probation Department</u>

In the event that the recommendations described above are adopted, the remaining defendants in the action are the Broome County District Attorney's Office, Binghamton City Court, and Broome County Probation Department. None of these entities, however, are amenable to suit. To the extent that plaintiff seeks money damages against any of them, those claims are barred by the Eleventh Amendment. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("So far as we can observe, every court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is, and is therefore protected by

Eleventh Amendment sovereign immunity."); *Ceparano v. Suffolk Cnty.*, No. 10-CV-2030, 2010 WL 5437212, at *6 (E.D.N.Y. Dec. 15, 2010) (finding the Suffolk County Probation Department immune from suit under the Eleventh Amendment); *Woodward v. Office of Dist. Atty.*, 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010) ("[T]he District Attorney's Office is not a suable entity[.]"); *Quiles v. City of N.Y.*, No. 01-CV-10934, 2002 WL 31886117, at *2 (S.D.N.Y. Dec. 27, 2002) ("[T]he Eleventh Amendment prohibits individuals from suing the District Attorney's Office, an arm of the state, for damages under 42 U.S.C. § 1983 arising from prosecutorial decisions."); *Singleton v. State of N.Y.*, No. 98-CV-0414, 1998 WL 438530, at *2 (S.D.N.Y. July 31, 1998) (finding the New York City Criminal Court immune from suit under the Eleventh Amendment).

With respect to plaintiff's claims seeking injunctive relief, there are no allegations in the amended complaint that support a cognizable claim against defendants Broome County District Attorney's Office, Binghamton City Court, and Broome County Probation Department. Plaintiff merely alleges that defendant Broome County District Attorney's Office is pursuing an allegation that plaintiff violated his probation in defendant Binghamton City Court, and that defendant Broome County Probation Department "issued [the] violation." Dkt. No. 8 at 3, 4. Without more, these contentions

do not give rise to a cognizable constitutional claim. Accordingly, any cause

of action that could be construed as being asserted against defendants

Broome County District Attorney's Office, Binghamton City Court, and

Broome County Probation Department Binghamton City Court should be

dismissed.

C.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se*

litigant without granting leave to amend at least once "when a liberal reading

of the complaint gives any indication that a valid claim might be stated."

*Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ.

P. 15(a) ("The court should freely give leave when justice so requires."); *see*

*also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003

(E.D.N.Y.1995) (permitting leave to replead where court could "not

determine that the plaintiffs would not, under any circumstances, be able to

allege a civil RICO conspiracy"). An opportunity to amend is not required,

however, where "the problem with [the plaintiff's] causes of action is

substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*,

222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding*

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable

to allege any fact sufficient to support its claim, a complaint should be

dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, plaintiff has already been given one opportunity to amend. Despite being granted that opportunity, plaintiff continues to assert claims against defendants who are not subject to suit. Accordingly, I recommend that plaintiff not be granted further leave to amend.

III.    SUMMARY AND RECOMMENDATION

Having previously found that plaintiff qualifies for IFP status, I have been tasked with reviewing an amended complaint that was filed with the court. In reviewing the amended complaint, I conclude that it fails to state a cognizable claim against any of the seven defendants named. Because plaintiff has already been given one opportunity to replead, and has asserted claims that are facially deficient, including claims against defendants who enjoy immunity from suit, I recommend that plaintiff not be afforded an additional opportunity to amend. It is therefore hereby respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 8) be DISMISSED without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court is respectfully directed to serve a copy of this report and recommendation on the parties in accordance with the court's local rules.

Dated:     April 14, 2016
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge